**In re Augusto Bobonis LANG, Debtor.**

**Bankruptcy No. 94–5424 (ESL).**

United States Bankruptcy Court,
D. Puerto Rico.

Dec. 14, 1995.

---

Edgardo Munoz, Law Offices of Garcia & Fernandez, Hato Rey, Puerto Rico, for debtor/movant, Augusto Bobonis Lang.

Charles A. Cuprill and Carlos A. Surillo, Charles A. Cuprill–Henandez Law Offices, Ponce, Puerto Rico, for non-debtor spouse/respondent, Carmen Belen Zequeira.

## OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

Before the court is a Motion for Reconsideration (docket No. 73) filed on August 22, 1995 by debtor Augusto Bobonis Lang requesting that the court set aside its ruling granting Carmen Belen Zequeira's, the non-debtor spouse, Urgent Motion for Adequate Protection and Opposition to Sale of Property (docket No. 56) on August 10, 1995. Ms. Zequeira and debtor submitted a memoranda of law (docket Nos. 83 & 84) and debtor replied (docket No. 90).

In addition, a Motion Requesting Order (docket No. 91) was filed by Ms. Zequeira and a Motion for Contempt and an Answer to Motion Requesting Order was filed by debtor (Docket No. 93) concerning access of the realtor and appraiser to the property at Dorado Beach prior to the court's determination of whether the property should be sold.

1. Attorney Charles Cuprill–Hernandez Law Offices' Motion to Withdraw Legal Representation, docket No. 98, is hereby GRANTED. *See, also,* Answer to Verified Motion of Carmen Belen Zequeira for Extension of Time, docket No. 99.

Finally, Ms. Zequeira has filed a Verified Motion (docket No. 97) requesting an additional forty-five (45) days to find new counsel and prepare a reply to debtor's memorandum.[1]

After carefully reviewing the law and the facts of this case, the court finds that debtor's motion for reconsideration must be granted and the order set aside. In addition, the court clarifies the law and sets aside *In re Gomez Molina*, 77 B.R. 368 (Bkrtcy. D.P.R.1987) insofar as it is inconsistent with the findings herein.

## BACKGROUND

The facts are not in dispute. Debtor filed a bankruptcy petition under chapter 11 on October 11, 1994 at which time he was married to Ms. Zequeira. Ms. Zequeira did not file for bankruptcy. Divorce proceedings were initiated by debtor shortly thereafter and the divorce was granted by the Superior Court of Puerto Rico on November 17, 1994.

Debtor's plan for reorganization requiring the sale of two marital properties, was confirmed on August 21, 1995. The plan provided for full payment of all claims including those belonging to the conjugal partnership of debtor and Ms. Zequeira.

The dispute arises as to the applicable law governing the sale of marital property thereby effecting distribution of the proceeds in relation to the non-debtor spouse and the debtor's bankruptcy estate. At this point in time, the property known as Milan Court has been sold and half of the proceeds were deposited with the Clerk of the Court pending resolution of this matter. In addition, the debtor has requested permission from the court to sell the second marital property known as Dorado Beach where the non-debtor spouse resides.[2] Ms. Belen objects and is requesting that all efforts to effectuate the sale cease until the issue of applicable law is determined by this court.

2. There is a second marital property located in Dorado, Puerto Rico. The plan provides that all liens against this property be paid in full and that Ms. Belen and the remaining minor children relocate there once the Dorado Beach property is sold.

## DISCUSSION

This case raises the question of property of the estate of a debtor who was married at the time of initiating bankruptcy and who has a legal interest in marital property but whose spouse did not file for bankruptcy. Debtor spouse alleges that the realties are community property and, as such, the proceeds derived from the sale are considered property of the estate pursuant to § 541(a)(2)(A) to be used to satisfy the claims under the plan which include those of the conjugal society. Once the claims are satisfied, any funds remaining shall then be divided pursuant to the Laws of Puerto Rico effecting distribution of community property upon termination of the conjugal partnership.

Ms. Zequeira asserts that she is legally entitled to fifty percent of the proceeds derived from the sale of marital property prior to the payment of any claims and opposes the sale of the Dorado Beach in that debtor initiated the sale in violation of §§ 363(h),(i) & (j). She requests several remedies including dismissal of the bankruptcy case, abstention, disallowance of the sale of the a second realty and, in the alternative, to require that debtor comply with § 363(h) before the sale of the second realty.

 We begin with examination of section 541(a)(2)(A) which defines property of the estate. Title 11 U.S.C. § 541(a)(2)(A) provides:

The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(2) All interest of the debtor and the debtor's spouse in community property as of the commencement of the case that is—
(A) under the sole, equal, or joint management and control of the debtor; . . .

According to this provision, if one spouse files for bankruptcy, the interests in the community property of both the debtor and nondebtor spouse become property of the estate provided that debtor spouse has the sole, equal or joint management and control of the property. *See,* Ginsberg, Robert E. & Robert D. Martin, *Bankruptcy: Text Statutes Rules,* § 502[1] (3rd ed. 1992). This right is conferred strictly by statutory authority of the jurisdiction in which the debtor resides. *See,* 4 *Collier on Bankruptcy* ¶ 541.15 (15th ed. 1995). *See, also,* Fitzgerald, Judith K. & Ramona M. Arena, *Bankruptcy and Divorce: Support and Property Division* § 1.6 (2d ed. 1994). Accordingly, we turn to the laws of Puerto Rico to determine the nature of property within the confines of marriage.

 Under the Laws of Puerto Rico, a conjugal partnership is created as a result of the act of marriage and is a separate and distinct entity from the individual spouses. 31 L.P.R.A. § 3622. Property and earnings derived during a marriage are the property of the conjugal partnership which shall be evenly divided upon dissolution of the partnership. 31 L.P.R.A. §§ 3621, 3641, 3647.[3] While the laws of Puerto Rico provide that a spouse retain control over individually owned property, property acquired during the marriage becomes community property and is jointly managed by the members of the conjugal partnership created under the laws of Puerto Rico. 31 L.P.R.A. § 3631.[4] Both

---

3. These provisions provide the following:

> By virtue of the conjugal partnership the earnings or profits indiscriminately obtained by either of the spouses during the marriage shall belong to the husband and the wife, share and share alike, upon the dissolution of the marriage. 31 L.P.R.A. § 3621.
> To the conjugal partnership belong:
> (1) Property acquired for a valuable consideration during the marriage at the expense of the partnership property whether the acquisition is made for the partnership of for one of the spouses only.
> (2) That obtained by the industry, salaries, or work of the spouses or of either of them.

> (3) The fruits, income, or interest collected or accrued during the marriage, coming from the partnership property, or from that which belongs to either one of the spouses. 31 L.P.R.A. 3641.
> All property of the marriage shall be considered as partnership property until it is proven that it belongs exclusively to the husband or to the wife. 31 L.P.R.A. § 3647.

4. Title 31 L.P.R.A. § 3631 states the following:

> The following property is the separate property of the spouses:
> (1) That brought into the marriage as his or her own.

spouses are legally considered administrators of the community property although, said property may not be sold or encumbered without the written consent of both spouses. 31 L.P.R.A. § 284.[5] *Aguilu v. Conjugal Partnership,* 106 P.R.R. 751 (1977) (both spouses have equal powers of administration and disposition of conjugal property). Without a doubt, the Laws of Puerto Rico provide that property derived by the efforts of both parties to the conjugal partnership be considered community property and, therefore, § 541(a)(2)(A) applies to this case. *See, also,* 4 *Collier on Bankruptcy* ¶ 541.15[7] (15th ed. 1995) (Puerto Rico identified as a community property state).

■ Therefore, the inevitable conclusion is that where one spouse files bankruptcy in Puerto Rico, all that debtor's property as well as the community property becomes property of the estate by operation of § 541(a)(2)(A). *See,* 4 *Collier on Bankruptcy* ¶ 541.15 (15th ed. 1995) ("[o]ne necessary effect of section 541(a)(2) is to terminate the right of the non-debtor spouse to manage and control community property"). Pursuant to 11 U.S.C. § 1107, the managerial

rights of the community property are passed to the debtor in possession.[6]

■ The remaining issue to be examined is the effect, if any, the local law requirement that each spouse must consent prior to the sale of community property has when a single member of the conjugal partnership files bankruptcy. We find that such requirement is in conflict with federal bankruptcy law, its goals and purposes. Therefore, this state law provision is preempted. *F.D.I.C. v. Torrefaccion Cafe Cialitos, Inc.,* 62 F.3d 439, 443 (1st Cir.1995).

■ The filing of a bankruptcy petition is a federal right of any debtor and states do not have the power to limit such right. *See,* 11 U.S.C. § 109 and 4 *Collier on Bankruptcy* ¶ 541.15 (15th ed. 1995). The requirement that the non-debtor spouse consent prior to community property becoming part of the estate by operation of 11 U.S.C. § 541(a)(2)(A) serves to restrict a debtor's right to reorganization under chapter 11. As such, this conflicting state law is preempted.

■ Moreover, preemption in this particular case is not contrary to the spirit of

5. Section 284 of title 31 reads, in pertinent part:

Both spouses shall be administrators of the community property, except when otherwise stipulated, in which case one of the spouses shall grant a mandate to the other to act as administrator of the community property.

. . . . .

The real property of the conjugal community may not be alienated or encumbered, under penalty of nullity, except with the written consent of both spouses. Nothing above provided shall be construed as to limit the liberty of the future spouses to execute articles of marriage. While both must consent to transactions regarding marital property, an unilateral act of administration is legally binding and valid. 31 L.P.R.A. § 286. This requirement arises once again in 31 L.P.R.A. § 3672 provides the following:

Notwithstanding the provisions of section 284 of this title, neither of the two spouses shall donate, alienate or bind for a consideration the personal or real property of the com-

(2) That acquired by either of them during the marriage by lucrative title, that is to say, by gift, legacy or descent.
(3) That acquired by right of redemption or by exchange for other property belonging to one of the spouses only.
(4) That bought with money belonging exclusively to the wife or to the husband.

munity property without the written consent of the other spouse, excepting things for personal or family use in accordance with the social or economic standing of both spouses.

Any disposal or administration act made with respect to said property by either of the spouses in violation of this and nay other section of this title shall not affect the other spouse or his heirs.

The spouse engaged in commerce, industry or a profession may, for good cause, acquire or dispose of the personal property used for such purposes without the consent of the other spouse. Said spouse shall, however, be liable for the damages he or she may cause by said acts to the community property. This action shall be exercised exclusively at the time of the dissolution of community property.

6. Section 1107 provides, in pertinent part:

Subject to any limitation on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

the law requiring consent prior to sale of community property. As noted by the Supreme Court of Puerto Rico, the legislative purpose of requiring the consent of both spouses prior to the purchase or sale of real property is "to protect one spouse from the error of judgment and discretion of the other" thereby resulting in the possible reduction of value of the community property from which both benefit. *Silva Ramos v. Registrar of Property of Guayama*, 107 P.R.R. 269, 275 (1978). Bankruptcy insures such protection to the non-debtor spouse in that all claims and economic obligations of the conjugal partnership are dissolved as a consequence of one spouse filing bankruptcy. 11 U.S.C. §§ 524(a)(3) & (b). Furthermore, since the law requires that all debts and obligations contracted by the spouses during marriage are chargeable to community property, 31 L.P.R.A. § 3661,[7] the application of federal bankruptcy law is consonant with any restrictions placed on the disposition of community property under the laws of Puerto Rico.

### IN RE GOMEZ MOLINA

■ Finally, we address any inconsistencies a prior opinion of the undersigned may have with this court's understanding of federal bankruptcy law. In *In re Gomez Molina*, 77 B.R. 368 (Bkrptcy.D.P.R.1987), this court held that the filing of a chapter 13 petition by one spouse without the consent of the non-debtor spouse was prohibited due to the local law requirement that both spouses must consent prior to the disposition of marital property. In effect, we held that the filing forced the non-debtor spouse into bankruptcy involuntarily which is contrary to federal law, thereby, constituting grounds for a finding of bad faith filing.

While the aforementioned findings do not effect the final disposition of the matter, it is clear that they are not in harmony with federal bankruptcy law, specifically, 11 U.S.C. § 541(a)(2)(A). Accordingly, the court overturns itself in *In re Gomez Molina* insofar as we found that filing of a bankruptcy petition by one spouse was tantamount to involuntarily placing the non-debtor spouse into bankruptcy. Accordingly, such act by one spouse without the other's consent is not violative of federal bankruptcy law and does not constitute bad faith filing.

### CONCLUSION

In view of the discussion above, the court finds that Puerto Rico recognizes community property, thereby, 11 U.S.C. § 541(a)(2)(A) applies to the determination of property of the estate where one spouse files a bankruptcy petition. In addition, the court finds that the requirement of the non-debtor spouse's consent prior to the disposition of community property where the other files a bankruptcy petition is preempted as it is contrary to federal bankruptcy law. Consequently, the undersigned's ruling granting Ms. Carmen Belen Zequeira's Urgent Motion for Adequate Protection and Opposition to Sale of Property (docket No. 56) on August 10, 1995 is vacated.

Accordingly, the court hereby approves of the sale of Milan Court and Dorado Beach by debtor Augusto Bobonis Lang to fund his reorganization plan. It is hereby ORDERED that the Clerk of the Court is the proceeds from the Molina Court sale to debtor and issue a check in the name of Augusto Bobonis Lang. It is further ORDERED that the debtor proceed with the sale of the Dorado Beach property and that Ms. Carmen Belen Zequeira work in cooperation with

---

7. Section 3661 of title 31 states:
 Chargeable to the community property shall be:
 (1) All debts and obligations contracted during marriage by either of the spouses.
 (2) The arrears or credits deriving during the marriage from obligations encumbering the private property of the spouses as well as the community property.
 (3) Minor repairs or mere maintenance repairs made during the marriage on the private property of either of the spouses. Major repairs shall not be chargeable to the community property.
 (4) Major or minor repairs of the community property.
 (5) The support of the family and the education of the children begotten in common and of those of either of the spouses.
 (6) Personal loans incurred by either of the spouses.

debtor to arrange for the appraisal and eventual sale of Dorado Beach.

Furthermore, finding that the law is clear in this matter and overturning the authority relied upon by Ms. Carmen Belen Zequeira in her memorandum of support, her request for an additional forty-five (45) days to file a reply is hereby DENIED.[8]

The clerk of the court shall enter judgment.

SO ORDERED.

---

8. However, Ms. Belen is not prohibited from filing a notice of appeal or a motion for reconsideration of this ruling and the subsequent judgment within the statutory time limits.